Filed 11/20/25  In re G.M. CA2/5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re G.M. et al., Persons Coming Under the Juvenile Court Law. | B344874 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. R.N., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP02942C-E) |

APPEAL from orders of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Judge Pro Tempore.  Affirmed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

In 2023, the juvenile court assumed dependency jurisdiction over G.M., C.N., and C.M. (collectively, Minors) after sustaining physical abuse allegations against C.G. (Mother). The petition did not include any allegations against R.N. (Father), who was incarcerated at the time. The court removed Minors from parental custody and bypassed reunification services for both parents.

Mother subsequently filed Welfare and Institutions Code section 388 change of circumstance petitions asking the juvenile court to increase her visitation and to order reunification services. The juvenile court denied both petitions. In January 2025, the juvenile court held a permanency planning hearing, rejected the parents' arguments that the parental benefit exception applied, and terminated parental rights.

Mother appealed, arguing the juvenile court's rulings denying her changed circumstances petition and terminating parental rights were erroneous. Nearly two months later, Father also filed a still timely notice of appeal. Due to the difference in timing, the appeals proceeded on separate schedules, and in September 2025, we issued an opinion in Mother's appeal affirming the juvenile court's orders. (*In re C.G.* (Sep. 19, 2025, B343588) [nonpub. opn.].)

Father's sole argument in his appeal that is now before us is the argument that his parental rights should be restored if Mother's appeal succeeded in overturning the termination of her parental rights. That, of course, did not happen, and the Los Angeles County Department of Children and Family Services (the Department) moved to dismiss this appeal as presenting no viable ground for reversal. This court, without objection, construed the Department's motion as one for summary

2

affirmance without further briefing or oral argument.  We now order that affirmance in light of our resolution of Mother's appeal.

## DISPOSITION
The juvenile court's orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM (D.), J.